REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-03688-GW(RAOx) | Date | May 20, 2015 |
|---|---|---|---|
| Title | *Barbera Management, Inc. v. Kris Sharp, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

None Present                                      None Present

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING MATTER TO STATE COURT**

  On March 3, 2015, Barbera Management Inc, ("Plaintiff") instituted unlawful detainer proceedings against Kris Sharp ("Defendant") in state court. Compl. at 1. "Over three months" earlier, Defendant allegedly entered into a month-to-month agreement to lease the property located at 1792 Grevelia Street, South Pasadena, California 91030 (the "Property") from Plaintiff for $1,450 per month, due on the first day of every month. *Id.* Plaintiff served Defendant with a three-day "Notice to Pay Rent or Quit" on February 18, 2015, after Defendant had failed to make $4,350 in rent payments, and instituted unlawful detainer proceedings after Defendant failed to comply. *Id.* at 2-3. Defendant filed an Answer to the Complaint based on defective notice in violation of Cal. Code Civ. Proc. § 1161(2), which was not sustained. Notice of Removal ¶¶ 8-9, Docket No. 1. Defendant removed the action to this Court on May 15, 2015. Notice of Removal at 1. Defendant asserts that federal question jurisdiction exists "because Defendant's Answer [is] a pleading [that] depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law." *Id.* ¶ 10.

  Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, s*ee Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th

                                 :

Initials of Preparer     JG

*REMAND/JS-6*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-03688-GW(RAOx) | Date | May 20, 2015 |
|---|---|---|---|
| Title | *Barbera Management, Inc. v. Kris Sharp, et al.* | | |

Cir. 1992).

    Subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's Complaint herein contains a single cause of action for unlawful detainer, a state law claim. Compl. at 1. Although Defendant has only identified purported defenses arising under state law, Defendant nonetheless asserts that Defendant's Answer depends on federal law. Notice of Removal ¶¶ 8-10. Importantly, there is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law. *See Caterpillar, Inc.*, 482 U.S. at 392-93. As a result, Defendant's reliance on unidentified defenses under federal law cannot serve as the basis for federal question jurisdiction. This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's complaint.

    The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

**cc: Pro Se Deft**

                                                                                   :

Initials of Preparer    JG